IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHESTER LEBLANC,

    Petitioner,　　　　　　　　　　No. 2:10-cv-2593 FCD DAD (HC)

    vs.

BOARD OF PAROLE HEARINGS,
MICHAEL MARTEL, Warden, et al.,

    Respondents.　　　　　　　　　FINDINGS AND RECOMMENDATIONS

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is serving a sentence of fifteen years to life in prison following his 1981 entry of a no contest plea to the charge of second degree murder. See Petition, filed September 23, 2010 (Doc. No. 1) at 1. Petitioner claims that his right to due process was violated by a 2008 decision of the California Board of Parole Hearings (hereinafter "Board") to deny him a parole date. Petitioner also claims that his continued confinement past his earliest possible release date violates the terms of his 1981 plea agreement. This matter is before the court on respondents' motion to dismiss. Respondents contend that petitioner's first claim must be dismissed due to petitioner's failure to state a cognizable federal claim for habeas relief and that petitioner's second claim is time-barred. Petitioner opposes the motion.

/////

I.  Failure to State a Cognizable Claim

A motion for summary dismissal pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 ("Habeas Rules") is an appropriate motion in habeas proceedings.  See  O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989).  Rule 4 of the Habeas Rules authorizes a judge to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, 28 U.S.C. foll. § 2254.

As noted above, petitioner's first claim is that the 2008 decision of the Board to deny him a parole date violated his federal constitutional right to due process of law.  The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law.  A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies."  Wilkinson v. Austin,  545 U.S. 209, 221 (2005).  See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).  The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").  However, a state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release

/////

will be granted" when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest. Greenholtz, 442 U.S. at 12. See also Allen, 482 U.S. at 376-78.

California's parole scheme gives rise to a liberty interest in parole protected by the federal Due Process Clause. Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v. Cooke, 562 U.S. ___, ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011) ("[Swarthout v.] Cooke did not disturb our precedent that California law creates a liberty interest in parole.") In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

In Swarthout, the Supreme Court reviewed two cases in which California prisoners were denied parole - in one case by the Board, and in the other by the Governor after the Board had granted parole. Swarthout, 131 S. Ct. at 860-61. The Supreme Court noted that when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment requires fair procedures, "and federal courts will review the application of those constitutionally required procedures." Id. at 862. The Court concluded that in the parole context, however, "the procedures required are minimal" and that the "Constitution does not require more" than "an opportunity to be heard" and being "provided a statement of the reasons why parole was denied." Id. (citing Greenholtz, 442 U.S. at 16). The Supreme Court therefore rejected Ninth Circuit decisions that went beyond these minimal procedural requirements and "reviewed the state courts' decisions on the merits and concluded that they had unreasonably determined the facts in light of the evidence." Swarthout, 131 S. Ct. at 862. In particular, the Supreme Court rejected the application of the "some evidence" standard to parole decisions by the California courts as a

/////

/////

1  component of the federal due process standard.  Id. at 862-63.[1]  See also Pearson, 639 F.3d at
2  1191.

3  As noted above, petitioner seeks federal habeas relief on the grounds that the
4  Board's 2008 decision to deny him parole, and the findings upon which that denial was based,
5  were not supported by "some evidence" as required under California law.  However, under the
6  Supreme Court's decision in Swarthout this court may not review whether California's "some
7  evidence" standard was correctly applied in petitioner's case.  131 S. Ct. at 862-63; see also
8  Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011)
9  ("The Supreme Court held in [Swarthout v.] Cooke that in the context of parole eligibility
10 decisions the due process right is *procedural*, and entitles a prisoner to nothing more than a fair
11 hearing and a statement of reasons for a parole board's decision[.]"); Roberts v. Hartley, 640
12 F.3d 1042, 1046 (9th Cir. 2011) (under the decision in Swarthout, California's parole scheme
13 creates no substantive due process rights and any procedural due process requirement is met as
14 long as the state provides an inmate seeking parole with an opportunity to be heard and a
15 statement of the reasons why parole was denied); Pearson, 639 F.3d at 1191 ("While the Court
16 did not define the minimum process required by the Due Process Clause for denial parole under
17 the California system, it made clear that the Clause's requirements were satisfied where the
18 inmates 'were allowed to speak at their parole hearings and to contest the evidence against them,
19 were afforded access to their records in advance, and were notified as to the reasons why parole
20 was denied.'")
21 /////

---

[1] In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four years the Ninth Circuit had consistently held that in order to comport with due process a state parole board's decision to deny parole had to be supported by "some evidence," as defined in Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability.  See Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d 895, 904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole rescission setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .")

1    The federal habeas petition pending before the court in this case reflects that
2 petitioner was present and represented by counsel at his 2008 parole suitability hearing.  See
3 Petition, filed September 23, 2010 (Doc. No. 1), Attach. A at 3.)  The record also establishes that
4 at that hearing petitioner was given the opportunity to be heard and received a statement of the
5 reasons why parole was denied by the Board panel.  (Id. at 3-97.)  That is all the process that was
6 due petitioner under the Constitution.  Swarthout, 131 S. Ct. 862; see also Miller, 642 F.3d at
7 716; Roberts, 640 F.3d at 1046; Pearson, 639 F.3d at 1191.  Accordingly, petitioner's due
8 process claim should be summarily dismissed.

9 II.  Statute of Limitations

10   Petitioner's second claim is that his plea agreement has been violated by the
11 failure to release him on parole at the "earliest possible date," which petitioner identifies as
12 September 3, 1988.  Petition at 2, Statement of Claims.  Respondents contend this claim is barred
13 by the applicable statute of limitations.

14   Title 28 Section 2244(d) of the United States Code contain the following statute
15 of limitations for the filing of a habeas petition in federal court:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

25 /////
26 /////

1  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

According to petitioner, pursuant to the terms of his plea agreement in his underlying state criminal action he should have been released on parole at his minimum eligible parole date, which he identifies as September 3, 1988. Elsewhere in the pending petition, petitioner alleges that he has been held for twenty years past the time he expected to be released from state custody pursuant to his plea agreement. See Petition at 24, Memorandum of Points and Authorities.

The statute of limitations for the filing of a federal habeas petition started to run on this claim on September 3, 1988, the date on which petitioner claims he should have been, but was not, released from prison on parole. See 28 U.S.C. § 2254. However, petitioner did not file this habeas action until September 2010, some twenty-one years after the limitation period for doing so had expired. Respondents are correct; petitioner's second claim for federal habeas relief is clearly time-barred and must be dismissed.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). For the reasons set forth above, petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability should issue.

CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Respondents' February 3, 2011 motion to dismiss (Doc. No. 12) be granted;

2. Petitioner's application for a writ of habeas corpus be dismissed; and

3. The district court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 19, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
lebl2593.mtd